NelsoN, J.,
delivered the opinion of the Court.
It is shown, by the evidence' in the record, that General Smith was an officer in the United States army; that his command was stationed at Salisbury, on the Memphis & Charleston Railroad, in January, 1864, and was in great need of cavalry horses, and unable to move without them; that *616 one of bis regiments was ordered to move into 'Weakley and Henry counties, for tbe purpose of recruiting, with directions to mount tbe men and take all tbe good horses and mules they could obtain, to prevent their falling into tbe bands of General Forrest, a confederate officer, who was preparing for, and soon afterwards made a raid into those counties. Under these orders, a part of tbe Sixth Tennessee Cavalry, consisting of about one hundred men, of whom thirty were on foot, moved from Purdy into said counties, and took about six hundred horses and mules, which were turned over to the quartermaster’s department, the horse of the plaintiff being one of the number. It is clearly shown that the defendant took the horse; but it is equally well established that he was, at the time, and had been, for about two years previously, a soldier in the federal army; that he was ordered by his superior officer, Lt. Barham, to go and take the identical horse in question; that he took him in obedience to this order; that by the command of the lieutenant, another person was mounted on the horse, and when the squad returned to the main army, he was turned over to the quartermaster’s department, and that the defendant never rode the horse or exercised any acts whatever of ownership over him.
Among other things, the Circuit Court charged the jury that “If the defendant was a soldier, and acting under the orders of a superior officer, *617 and be took the horse of the plaintiff under an immediate and impending necessity, then he would not be liable for the value of the horse.” There is no error in this charge • of which the plaintiff can, properly, complain.
The principles announced in Barrow v. Page, Cooper’s Hayw. Tenn., R., 495, apply alone to military impressments of the property of citizens, and are not applicable to the state of things existing during the late civil war. The property, in this case, was taken in hostile territory, under the authority of one belligerent power acting against another, and it is well settled that it was a proper object of capture or booty: Cummings v. Diggs, 1 Heis., 72, 73. The judgment, in this action of trover, in favor of defendant is affirmed.